WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Allen Chavez, | No. CV-25-00419-TUC-JCH (P) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Cota, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 10). The Court will also screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court will grant Plaintiff's Application (Doc. 10) and dismiss Plaintiff's Complaint.

**I.     Application for Leave to Proceed in Forma Pauperis (Doc. 10)**

In his Application for Leave to Proceed in Forma Pauperis, Plaintiff asserts that he is unable to pay the filing fees and costs because he is living in intensive outpatient housing, is unemployed, and has mental health issues. Plaintiff asserts he has no money in any bank account or financial institution and owns no assets. The Court is persuaded that Plaintiff cannot afford the costs associated with filing suit and will grant Plaintiff *in forma pauperis* ("IFP") status.

. . . .

. . . .

. . . .

## II. Statutory Screening of a Pro Se Complaint

### A. Legal Standard

The Court must screen IFP complaints and under § 1915(e)(2) and dismiss the case if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

### B. The Complaint

The two-count Complaint alleges violations under 42 U.S.C. § 1983 against Defendants Unknown Cota and Chris Nanos, in his capacity as the acting Sheriff at the Pima County Adult Detention Center. (Doc. 1 at 1–2). In Count One, Plaintiff alleges he

suffered head injuries from Unknown Cota using excessive force against him, punching him in the head multiple times, lifting him up by his cuffed hands, and slamming his face into a stairwell. (*Id.* at 3.) In Count Two, Plaintiff alleges a threat to his safety occurred when he was placed back in the same pod with an inmate he was assaulted by, which the Court construes as a failure-to-protect claim. (*Id.* at 4.) The Complaint seeks monetary damages and injunctive relief. (*Id.* at 6.)

Section 1983 "merely provides a cause of action . . . to state a violation of [an] underlying constitutional right." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Because Plaintiff was incarcerated at the time of the alleged actions, the Court will construe his claims as violations of his Eighth Amendment rights. *See Whitley v. Albers*, 475 U.S. 312, 318–19 (1986).

### i. Count One

The Eighth Amendment's prohibition on "cruel and unusual punishments" manifests "an intention to limit the power of those entrusted with the criminal-law function of government." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 664 (1977)). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* at 319 (quoting *Ingraham*, 430 U.S. at 670). Thus, to prevail on his excessive force claim, Plaintiff must show (1) the defendants used force against him; (2) the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing him harm and not in a good faith effort to achieve a legitimate purpose; and (3) he suffered harm as a direct result of this use of force. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

But Plaintiff does not provide the Court with any factual context showing that the force used was applied maliciously and sadistically and not to achieve a legitimate purpose. Even construing the Complaint liberally, Plaintiff has failed to adequately state an Eighth Amendment excessive force claim against Defendant Unknown Cota. Should Plaintiff choose to amend his Complaint and include this claim, he should give the Court more factual context, including his own behavior leading up to the alleged force.

### ii. Count Two

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). To state an Eighth Amendment failure-to-protect claim, plaintiffs must meet a two-part test. "First, the deprivation alleged must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff does not specify which Defendant this claim is against. He does not allege facts supporting that an official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities." *See id.* at 834. Nor does Plaintiff allege how or when he made a prison official aware of the threat to his safety from the other inmate and therefore does not allege either Defendant was actually aware of a risk to Plaintiff's safety but failed to act. *See id.* at 835. As such, the Court will dismiss Count Two. Should Plaintiff choose to amend his Complaint and include this claim, he should provide additional factual context, more thoroughly describing the alleged safety risk and directly connecting a named defendant's acts or omissions to the alleged safety risk.

### C. Leave to Amend

For the foregoing reasons, the Court will dismiss all counts and Defendants without prejudice. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The first amended complaint must be retyped or rewritten in its entirety, and no part of the original Complaint may be incorporated by reference. Any

cause of action raised in the original Complaint is waived if not alleged in the first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### III. Warnings

Plaintiff must file and serve a notice of a change of address in accordance with LRCiv. 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

### IV. Order

**IT IS ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 10).

**IT IS FURTHER ORDERED dismissing without prejudice** the Complaint (Doc. 1). Plaintiff has **30 days** from the date of filing of this Order to file a first amended complaint. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 9th day of January, 2026.

_____
John C. Hinderaker
United States District Judge